## THE BERGEN.

### MARTINS et al. v. JOSEPH et al.

(District Court, S. D. California, S. D. July 23, 1925.)

### No. 1372.

**1. Maritime liens ⬤⟿38—Ship mortgage held not entitled to priority, where recorded at port other than where ship was enrolled and documented.**

Ship mortgage *held* not entitled to priority and preference against other valid maritime liens, under Ship Mortgage Act 1920, subds. C, D, M (Comp. St. Ann. Supp. 1923, §§ 8146¼kk, 8146¼kkk, 8146¼nnn), where recorded in office of collector of customs of port other than port where ship was enrolled and documented, and which was its home port.

**2. Maritime liens ⬤⟿37 — Lien claimant, advancing money through indorsement of note, held entitled to same status as one advancing money to pay wages of ship's crew.**

Lien claimant, who indorsed notes solely on credit of ship on which lien was claimed, for money actually used to pay wages of crew, *held* entitled to same status and priority as any other person who advances money to pay wages of crew.

**3. Maritime liens ⬤⟿37—Lien claimant's priority not defeated by contractual relation with another to purchase ship.**

Priority of lien claimant, who advanced money through indorsement of notes solely to pay wages of crew of ship on which lien was claimed, *held* not defeated by his independent contractual relations with another concerning purchase of it.

In Admiralty. Libel by Anthony Martins and another, copartners, doing business as the Wilmington Iron Works, against the steamship Bergen, in which George W. Joseph and others intervened. Decree in accordance with opinion.

Henry E. Carter, of Los Angeles, Cal., for libelant Wilmington Iron Works.

Dan Laubersheimer, of Los Angeles, Cal., for interveners Fellows & Stewart.

Perry F. Backus, of Los Angeles, Cal., for intervener Joseph.

Loucks & Phister, of San Pedro, Cal., for interveners Farley, Johnson, Joseph & G. M. Josselyn & Co., San Pedro Hardware Co., and San Pedro Rubber & Supply Co.

McCORMICK, District Judge. I am unable to concur in the decision of the special commissioner to whom this cause was referred. Under the findings of the commissioner and under the stipulation of proctors for the respective parties herein the mortgage of the steamship Bergen, dated May 2, 1922, in favor of George W. Joseph cannot be held to be preferred as against the liens of the libelant and certain interveners.

[1] I find that the prerequisites, under subdivisions C, D, M, and other provisions of the Ship Mortgage Act of 1920 (41 Stat. at Large, 1000, § 30 [Comp. St. Ann. Supp. 1923, §§ 8146¼jjj–8146¼rr]), were not complied with in the Joseph mortgage. An essential to priority and preference is that the mortgage be recorded in the office of the collector of customs of the port of documentation. This was not done in the instant case. The Joseph mortgage was recorded in the office of the collector of customs of the port of Los Angeles, Cal., on May 2, 1922, but the ship at that time, and at all times until June 28, 1922, was enrolled and documented in the port of San Francisco, Cal., which at all of said times until June 28, 1922, was the home port of said vessel. The recording of the mortgage in the office of the collector of customs of the port of Los Angeles, Cal., on May 2, 1922, was ineffectual and inoperative to constitute the mortgage a preferred mortgage under the Ship Mortgage Act of 1920. For these reasons the Joseph mortgage cannot be classified as a preferred mortgage and the lien thereof upon the steamship Bergen does not fall in the category of a preferred maritime lien on

the vessel as against other valid maritime liens of the libelant and certain interveners.

[2, 3] The lien of intervener Harry C. Farley, according to the evidence and findings of the commissioner, was for advancements of moneys obtained through Farley's indorsement of notes, which he indorsed solely upon the credit of the steamship Bergen and solely for the purpose of paying the wages of the crew of said vessel, and the money obtained thereby was actually used in paying the wages of the crew of said vessel. Under these circumstances Farley is entitled to the same status and priority as any other person who advances money to pay the wages of the crew. His contractual relations with Ryan concerning the purchase of the ship are independent, and cannot defeat his right to priority over other lien claimants of an inferior and subordinate class. His lien takes precedence and is given priority over liens of other interveners and libelant herein.

The exceptions to the commissioner's report filed on behalf of interveners Harry C. Farley, Johnson, Joseph & G. M. Josselyn & Co., a corporation, San Pedro Hardware Company, a copartnership, San Pedro Rubber & Supply Company, a corporation, and Fellows & Stewart, a copartnership, are and each is sustained, and proctor for intervener Farley will prepare under the rules of this court a decree, pursuant to this memorandum, adjudging that the money now in the registry of this court shall be disbursed to the parties herein as follows:

There shall be first paid to intervener Harry C. Farley the sum of $1,000. The remainder of the moneys in the registry of this court shall then be paid to the libelant and the other interveners, except George W. Joseph, pro rata according to their stipulation made in open court December 29, 1924, at the hearing on the exceptions to the report of the special commissioner.

Each of the parties shall defray their own costs herein.